IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **Joseph Kimble Properties** <br> **Plaintiff** <br> <br> v. <br> <br> **State Auto Insurance Companies** <br> **Defendant** | * <br> * <br> *   Case No.: <br> * <br> * <br> * <br> * |

\*\*\*\*\*\*

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

Defendant, State Auto Property and Casualty Insurance Co. ("State Auto"), incorrectly identified as State Auto Insurance Companies, by and through its undersigned counsel, O'Conor Grant & Samuels files this Notice of Removal of the above-captioned matter from the Circuit Court of Charles County – Maryland to the United States District Court for The District of Maryland, and in support thereof, avers as follows:

1. This action relates to an insurance claim made by Plaintiff under a businessowners insurance policy issued by State Auto.

2. On or about December 20, 2013, Plaintiff commenced this litigation by filing a Complaint ("initial Complaint") in the Circuit Court of Charles County – Maryland and docketed at Civil Action C-13-3403. A true and correct copy of the Circuit Court record has been filed herewith in accordance with local rules; see initial Complaint.

3. State Auto first received a copy of the initial Complaint on or about January 14, 2013. See Affidavit of Service on State Auto.

4. The initial Complaint alleged a breach of contract action against State Auto and alleges damages in the amount of $87,769.00. See initial Complaint, Count One.

5. The Plaintiff alleged State Auto failed to fully indemnify it for a covered loss. See initial Complaint, Count One.

6. The initial Complaint alleged a breach of contract action against Defendant Bay Area Insurance Group LLC ("Bay Area") for damages in the amount of $87,769.00. See initial Complaint, Count Two.

7. The Plaintiff alleged both that Bay Area was an agent of State Auto and that Bay Area was a party to the contract of insurance. See initial Complaint, ¶¶ 4, 13.

8. The United States District Courts hold original jurisdiction of, inter alia, all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and which are between citizens of different states. 28 U.S.C. § 1332(a)(1).

9. Any civil action brought in a state court of which the District Courts of the United States have original jurisdiction may be removed by the defendant to the District Court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

10. In a timely fashion, State Auto filed for removal to this Court on February 6, 2014, asserting that Defendant Bay Area had been fraudulently joined in order to divest this Court of diversity jurisdiction. See *Cook v. Nationwide Ins. Co.*, 2013 WL 4505583 (D. Md. Aug. 23, 2013)(citations omitted).

11. On May 15, 2014, this Court held that Bay Area had not been fraudulently joined and remanded this matter to The Circuit Court of Charles County – Maryland.

12. Following remand, State Auto moved to have the counts against Bay Area dismissed from the case or have the case severed under Maryland Rule 2-213. See a copy of State Auto's Motion for Partial Summary Judgment as part of the Circuit Court Record.

13. Plaintiff responded that he did not oppose the dismissal of Bay Area, but prayed for the dismissal to be without prejudice so that he could procure discovery. See a true and correct copy of Plaintiff's Response to State Auto's Motion for Partial Summary Judgment as part of the Circuit Court Record filed simultaneously herewith in accordance with local rules.

14. Plaintiff provided a proposed order in response that did not dismiss all of the claims against Bay Area. See a true and correct copy of Plaintiff's Response to State Auto's Motion for Partial Summary Judgment.

15. Two days after averring that he did not oppose the dismissal of Bay Area, Plaintiff provided an amended complaint that included Bay Area and the same counts against that Defendant. See Plaintiff's Proposed Amended Complaint as part of of the Circuit Court Record filed simultaneously herewith in accordance with local rules.

16. Plaintiff also propounded discovery that continued to include Defendant Bay Area. See a true and correct copy of discovery from the Plaintiff as propounded on State Auto as part of the Circuit Court Record filed simultaneously herewith in accordance with local rules.

17. The state court entered the order provided by the Plaintiff which did not dismiss the counts against Bay Area. See a true and correct copy of the time-stamped order from the Court as part of the Circuit Court record filed simultaneously herewith in accordance with local rules.

18. As it was not ascertainable from the Court's order, amended complaint and discovery propounded on State Auto that the Plaintiff was abandoning his claim against a non-

diverse defendant and diversity existed, State Auto moved to amend the judgment and strike the complaint to make it ascertainable. See copies of State Auto's Motion to Alter/Amend and Motion to Strike as part of the Circuit Court record filed simultaneously herewith in accordance with local rules.

19. The state court scheduled a motion hearing for these motions on December 3, 2014, which was later converted to a telephone conference.

20. Following the telephone conference, the Court clarified the order to dismiss the counts against Bay Area and instructed the parties not to include Bay Area in the caption. See copies of the December 3, 2014, order of the Court as part of the Circuit Court record filed simultaneously herewith in accordance with local rules.

21. As it was ascertainable on the date of the December 3, 2014, order that Bay Area was no longer a party to this matter and none of Plaintiff's claims were against Bay Area, there exists diversity jurisdiction and State Auto heretofore files this notice of removal.

22. Thirty days have not expired since the action became removable to this Court.

23. Removing party is now the sole party defendant in the action.

24. Defendant, State Auto, seeks to exercise its rights under the provisions of 28 U.S.C. § 1441, et seq., to remove this action from The Circuit Court of Charles County – Maryland, in which said action is now pending, to the United States District Court for The District of Maryland, which embraces Charles County.

25. At the time the Complaint was filed and continuing to the present, Plaintiff has been a corporation incorporated in the State of Maryland, with principal place of business at 2590 Old Washington Road, Waldorf, Maryland. See initial complaint, ¶ 1.

26. At the time the Complaint was filed and continuing to the present, State Auto has been an insurance company organized and existing under the laws of the State of Ohio with its principal place of business located at 518 E. Broad Street, Columbus, Ohio, 43216.

27. Though Plaintiff has brought this Complaint against State Auto Insurance Companies, the policy at issue in this litigation was issued by State Auto Property & Casualty Insurance Co. Defendant intends to move to amend the caption to list State Auto Property & Casualty Insurance Co. as the proper Defendant in this litigation.

28. Plaintiff and Defendant State Auto are citizens of different states under 28 U.S.C. § 1332(a)(1).

29. This action is removable from The Circuit Court of Charles County – Maryland, to The United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a) because the citizenship of the parties is diverse and the amount in controversy, exclusive of interests and costs, is in excess of $75,000.00.

30. This Notice has been filed within thirty (30) days after the receipt by State Auto of the order dismissing the counts against non-diverse defendant Bay Area, pursuant to 28 U.S.C. § 1446(b).

31. Written notice of the filing of this Notice of Removal will be sent forthwith to counsel of record for Plaintiff, Jonathan E. Martin, Esquire.

32. A true and correct copy of this Notice of Removal will be filed with the Clerk of Courts, The Circuit Court of Charles County – Maryland.

33. The undersigned represents State Auto in this action, now the sole defendant in this matter, which consents to this removal.

**WHEREFORE,** for the reasons set forth above, Defendant, State Auto Property and Casualty Insurance Co., hereby removes this action from The Circuit Court of Charles County – Maryland to the United States District Court for the District of Maryland.

O'CONOR GRANT & SAMUELS

BY: _____
David E. C. Grant, Esquire
Md. Bar No. 04594
401 Washington Avenue, Ste 400
Towson, MD  21204
410-832-2883
410-832-2780
david.grant@sa-trial.com

Attorney for Defendant State Auto Property and Casualty Insurance Company, incorrectly identified as State Auto Insurance Companies

Dated: December 12, 2014